# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LORENA CUENCA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-CV-05385 |
| | ) | |
| HARRIS & HARRIS, LTD, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lorena Cuenca received a collection letter from a debt collector stating that if her debt was not paid, the debt holder "may exercise their various options to enforce collection." Cuenca sued under the Fair Debt Collection Practice Act ("FDCPA"), asserting that this statement constituted a threat of litigation that the debt holder did not intend to take. The debt collector moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because the statement could plausibly be understood, by an unsophisticated consumer, to be a threat of litigation and because it is alleged that the debt holder had no intention of taking such action, the motion to dismiss must be denied.

## BACKGROUND

For purposes of this motion, the court assumes the facts alleged in the complaint are true. Plaintiff Lorena Cuenca is a resident of Illinois who allegedly owed money to Northwestern Medicine and Northwestern Memorial ("Northwestern") for unpaid medical bills. Compl. ¶ 5. After Cuenca's debt went into default, Northwestern assigned the debt to defendant Harris & Harris Ltd., a debt collector ("Harris"). On November 16, 2015, Harris sent a letter to Cuenca which stated, in part: "If this debt is not paid, our client(s) may exercise their various options to enforce collection. At this point, the choice is still yours… please respond accordingly." *Id*. at

¶¶ 13, 17. Cuenca believed that Northwestern (Harris's client) intended to sue her. *Id.* at ¶ 19. Northwestern, however, does not sue consumers for medical debts. *Id.* at ¶ 20. On May 19, 2016, Cuenca filed this lawsuit alleging that Harris's letter violated the Fair Debt Collection Practices Act ("FDCPA") by falsely threatening to sue her. *See* 15 U.S.C. § 1692e. Harris has moved to dismiss on the ground that the statement was not a threat to sue (and therefore could not be false).

## DISCUSSION

To survive a motion to dismiss, a complaint must state a plausible claim, with sufficient factual content that the Court can infer the defendant is liable for the alleged conduct. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). The FDCPA prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). FDCPA claims are judged by the "objective unsophisticated consumer standard." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 273 (7th Cir. 2014). An unsophisticated consumer "may tend to read collection letters literally, [but] he does not interpret them in a bizarre or idiosyncratic fashion." *Id*. at 274. Whether a collection letter is confusing is generally a question of fact; dismissal as a matter of law is appropriate only where "it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012).

Harris argues that the language in its letter was not a threat of litigation, and thus the fact that Northwestern (allegedly) would never have sued does not matter. The courts of this circuit are quite divided on how to understand what constitutes a threat of litigation. This Court, for example, has found that a letter stating that "our client may consider additional remedies to recover the balance due" was not false or misleading. *Aker v. Bureaus Inv. Grp. Portfolio No. 15*

*LLC*, No. 12 C 03633, 2014 WL 4815366, at *1 (N.D. Ill. Sept. 29, 2014). However, other courts have found that a statement that a collector would "consider" legal action to be a threat of litigation. *See Bloodworth v. United Credit Serv., Inc.*, No. 15-CV-0502, 2016 WL 1453520, at *2 (E.D. Wis. Apr. 12, 2016).

It is not, however, necessary to resolve the question of whether the dunning letter sent to Cuenca constitutes a "threat" of litigation.[1] That frames the inquiry too narrowly. Rather, the relevant issue is whether, threat or not, Harris's statement would likely mislead an objective unsophisticated consumer about the possibility that Northwestern would sue her to collect the debt. *See* 15 U.S.C. § 1692e (banning "any false, deceptive, or misleading representation" including, but not limited to, the types of listed conduct).

Cuenca argues that she reasonably interpreted the "enforce collection" language to imply that one "option" was litigation. She cites to Black's Law Dictionary for the proposition that to "enforce" means to compel a person to pay damages or give force to a law, but it doesn't take a legal dictionary to understand that one of the means by which a creditor may "enforce" an obligation to pay a debt is through a lawsuit. Plausibility is all that is required at the motion to dismiss stage, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and a statement that a creditor will consider exercising its enforcement options regarding a debt could easily be understood by an unsophisticated consumer (or a sophisticated consumer, for that matter) as a statement that litigation would be considered.

Regardless of whether it is formally a threat, a statement that implies a debt holder will take an action it has no intention of taking violates the FDCPA. For example, the Seventh Circuit

---

[1] Of course, if the statement is a threat of litigation, Cuenca has sufficiently alleged that Northwestern did not intend to take that action (and thus the statement would violate the FDCPA). *See United States v. National Fin. Servs.*, 98 F.3d 131, 138 (4th Cir. 1996).

has recently found that "carefully crafted language" which is "chosen to obscure" a debt collector's rights is "the sort of misleading tactic the FDCPA prohibits." *Pantoja v. Portfolio Recovery Assocs., LLC*, No. 15-1567, 2017 WL 1160902, at \*6 (7th Cir. Mar. 29, 2017). In *Pantoja*, the dunning letter specifically stated the debt collector would not sue the debtor, but used vague language that implied the collector had ***chosen*** not to sue rather than being time-barred from doing so. *Id.* at \*6. The Seventh Circuit found this was misleading because "[t]he only reason to use such carefully ambiguous language is the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay on the ancient, time-barred debts because they fear the consequences of not doing so." *Id*.

The logic of *Pantoja* would also seem to apply to a debt collector's intentions (after all, the point of *Pantoja* was that it was unclear whether a statement reflected a debt collector's present intention or legal incapacity to sue). *See id.* at \*3 ("Even without an express threat of litigation, such collection efforts offer opportunities for mischief and deception, as we explain below.") In some ways this case is more clear-cut than *Pantoja*, because the threat of potential litigation hangs in the air without ***any*** representation it will not be used. Furthermore, "whether an unsophisticated consumer would find certain debt collection language misleading [is] a question of fact." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). The force behind the reference to "enforce collection" surely stems from litigation as one of the "options." Cuenca has alleged that Northwestern had no intention of ever following through on that implication, which at least renders the statement potentially misleading. Whether that implication was in fact misleading is a factual question and thus inappropriate to decide on a motion to dismiss.

\*        \*        \*

4

At this stage of the litigation, Cuenca need only state a plausible claim. The Court finds that the statement that a debt holder "may exercise their various options to enforce collection" could plausibly be interpreted by an unsophisticated consumer as a threat of potential litigation. Given that Cuenca has also alleged Northwestern does not sue to collect on its debts, the complaint states a claim under the FDCPA. The motion to dismiss is therefore denied.

Dated: March 31, 2017

John J. Tharp, Jr.
United States District Judge